UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM AVERY, #L6355                                                    PETITIONER

VS.                                              CIVIL ACTION NO. 3:14cv110-DPJ-FKB

WARDEN HUBERT DAVIS                                                    RESPONDENT


REPORT AND RECOMMENDATION

   This cause is before the Court on the petition of William Avery for habeas corpus relief

filed pursuant to 28 U.S.C. § 2254.  At the outset, the Court notes that its review of Avery's

conviction is circumscribed.   In other words, federal courts do not sit as "super" state supreme

courts in habeas corpus proceedings to review errors under state law.   *Dickerson v. Guste*, 932

F.2d 1142, 1145 (5th Cir. 1991).   Instead, "[a] state prisoner is entitled to relief under 28 U.S.C.

§ 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the

United States.'" *Engle v. Isaac*, 456 U.S. 107, 110 (1981)(citing 28 U.S.C. § 2254(a)).   Guided

by these fundamental principles, the Court has considered Avery's petition, the Respondent's

answer, and all related filings.  For the reasons that follow, the undersigned concludes that the

petition is not well-taken and should be dismissed with prejudice.

I. FACTS AND PROCEDURAL HISTORY

   Avery is currently in the custody of the Mississippi Department of Corrections

("MDOC") after his convictions for the sale of cocaine and felony fleeing in the Circuit Court of

Lauderdale County. [8-1] at 64.  The events leading to his arrest were summarized by the

Mississippi Supreme Court, as follows:

>    On March 30, 2010, law enforcement officials arranged for a confidential
>    informant to purchase drugs from Avery while wearing an audiovisual recording

device.  The informant purchased crack cocaine from Avery and turned it over to
the police.  The police attempted to arrest Avery immediately thereafter.  Avery
fled in his vehicle, and police pursued him, ultimately resulting in his arrest.
Avery was tried in Lauderdale County, and a jury convicted him of selling
cocaine and felony fleeing.

[7-4] at 2.

On October 13, 2010, the trial court sentenced him as a second or subsequent drug

offender and a habitual offender under Miss. Code Ann. § 99-19-81 to a term of sixty (60) years

on the charge of sale of cocaine and five (5) years on the charge of felony fleeing, without the

possibility of parole. [8-1] at 64.  Pursuant to the sentencing order, these sentences were to "run

concurrent to each other but consecutive to time in cause #645-02 and #691-06."  *Id.*

After his convictions, Avery raised the following issues on direct appeal with the aid of

appellate counsel:

> 1.  The trial court abused its discretion in not declaring a mistrial after a
> [prospective] juror stated she knew about Avery's felony fleeing charge because
> he ran her off the road.
>
> 2.  A new trial is mandated where the prosecutor gets prospective jurors to
> commit to a guilty verdict based on a hypothetical set of fact[s].
>
> 3.  A new trial is mandated where the trial court denies Avery his 6th Amendment
> and Mississippi Constitutional right to confront the witnesses against him with
> evidence that the confidential informant was not cleared by the Mississippi
> Department of Correction[s] to participate in a drug buy sting.
>
> 4. The court should have declared a mistrial, or given an instruction to disregard
> prosecutor's question about officer[s'] knowledge and officer[s'] answers they all
> knew Avery before the buy bust.
>
> 5.  Avery's decision not to testify was prejudicially influenced when the court
> incorrectly admonished him that his prior drug convictions could be inquired into
> on cross-examination.
>
> 6.  The prosecutor's closing argument that no one testified that the transaction
> involved earrings not drugs was a comment on Avery's failure to testify.

7.  The trial court erred in not [invoking] the rule as to witnesses and then testifying as to the court's version of the facts during the JNOV motion hearing.

8.  A new trial should have been granted after a juror testified another juror told the panel that she spoke to the judge and the judge spoke to her [boss] and they should be released by noon.

9.  The cumulative effect of errors denied Avery a fair trial.

[1] at 66.

In an opinion issued on June 19, 2012, the Mississippi Court of Appeals affirmed Avery's convictions and sentences. [7-1].  The Mississippi Court of Appeals also denied his motion for rehearing. [7-2].  Avery filed a motion for writ of *certiorari* before the Mississippi Supreme Court, and the court granted the motion on February 22, 2013. [7-3].  On *certiorari* review, the Mississippi Supreme Court limited its review to the question of whether the trial court committed reversible error in refusing to sequester the witnesses at the post-trial hearing. [7-4].  The high court found no error and affirmed Avery's convictions and sentences.  *Id.*

Avery next attacked his convictions by filing a motion for post-conviction relief. [1] at 169.  In that petition, Avery alleged that he suffered prejudice by his trial counsel's deficient performance, as follows:

1.  Petitioner was denied effective assistance of counsel due to the trial court limiting cross-examination of Hudges [sic] under Miss. R. Evid. Rule 616.  *Id.*  at 174.

2.  Petitioner was denied his Sixth Amendment right to effective assistance of counsel due to trial counsel's failure to make a proper proffer for making a record on appeal for the appeals court to review his claim that the trial court erred in excluding the testimony of defense witness, David Scott, M.D.O.C. General Counsel.  *Id.* at 179.

3.  Petitioner's U.S. Sixth Amendment constitutional right was violated by counsel's ineffectiveness at not investigating Petitioner's arrest and notice that no

-3-

warrant was issued, and the authorities did not have probable cause to arrest Petitioner by initiating a traffic stop. *Id.* at 181.

In a written order, the Mississippi Supreme Court denied Avery's motion for post-conviction relief, stating that "[a]fter due consideration, the panel finds that Avery has failed to meet both prongs of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The panel further finds that Avery has failed to present a substantial showing of the denial of a state or federal right." [7-5].

Avery subsequently filed his petition for writ of *habeas corpus* relief in this Court. [1]. In his petition, he raises the same grounds for relief that he presented in the state courts, quoted as follows:

Ground One: The trial court abused it's [sic] discretion in not declaring a mistrial after a [prospective] juror stated she knew about Avery's felony fleeing charge because he ran her off the road.

Ground Two: A new trial is mandated where the prosecutor gets prospective jurors to commit to a guilty verdict based on a hypothetical set of fact[s].

Ground Three: A new trial is mandated where the trial court denies Avery his 6th Amendment and Mississippi constitutional right to confront the witnesses against him with evidence that the confidential informant was not cleared by the Mississippi Department of Correction[s] to participate in a drug buy sting.

Ground Four: The court should have declared a mistrial, or given an instruction to disregard prosecutor's questions about officers['] knowledge and officers['] answers they all knew Avery before the buy bust.

Ground Five: Avery's decision not to testify was prejudicially influenced when the court incorrectly admonished him that his prior drug convictions could be inquired into on cross-examination.

Ground Six: The prosecutor's closing argument that no one testified that the transaction involved earrings not drugs was a comment on Avery's failure to testify.

Ground Seven: The trial court erred in not [invoking] the rule as to witnesses and

then testifying as to the court's version of the facts during the JNOV motion
hearing.

Ground Eight:  A new trial should have been granted after a juror testified another
juror told the panel that she spoke to the judge and the judge spoke to her boss
and they should be released by noon.

Ground Nine:  The cumulative effect of errors denied Avery a fair trial.

Ground Ten:  Petitioner was denied effective assistance of counsel due to the trial
court limiting cross-examination of Hughes under Miss. R. Evid. Rule 616.

Ground Eleven:  Petitioner was denied his Sixth Amendment right to effective
assistance of counsel due to trial counsel's failure to make a proper proffer for
making a record on appeal for the appeals court to review his claim that the trial
court erred in excluding defense witness, David Scott, M.D.O.C. general counsel,
testimony.

Ground Twelve:  Petitioner's U.S. Sixth Amendment constitutional right was
violated by counsel's ineffectiveness at not investigating petitioner's arrest and
notice that no warrant was issued and the authorities did not have probable cause
to arrest petitioner by initiating a traffic stop.

[1] at 10-12; 26-27.

The State filed a Response, along with the record, and now this matter is before the

Court.

## II.  DISCUSSION

### A.  Procedurally Barred Claim:  Ground Five

In his fifth ground for relief, Avery asserts that his decision not to testify at trial was

prejudicially influenced by the trial court.  Put another way, Avery argues that the he was denied

due process of law when the trial court incorrectly admonished him that the State could inquire

into his prior drug convictions on cross-examination. [1] at 11.  Although he presents no other

arguments in support of this ground for relief in the body of his petition, he attached to his

petition his brief on the direct appeal of his conviction.  *Id.* at 65-105.  In that document, his

-5-

appellate counsel argued that the trial court erroneously admonished him that evidence of his

prior convictions could be used to impeach him.  *Id.* at 91.

> Under Mississippi law,
>
> [w]here a criminal defendant chooses not to testify after the trial court has ruled that his or her prior convictions may be used as impeachment evidence, the defendant is procedurally barred from arguing on appeal that such a ruling prevented his putting on a defense or had a "chilling effect" on his right to testify if he fails to proffer his proposed testimony.

 *McClellan v. State*, 34 So. 3d 548, 553 (Miss. 2010)(citing *Heidelberg v. State*, 584 So. 2d 393,

395 (Miss. 1991)).

Citing *McClellan*, the Mississippi Court of Appeals addressed this issue and found that

review of it was procedurally barred because Avery failed to make a proffer of his testimony.

*See* [7-1] at 8.  Furthermore, the Court of Appeals noted that Avery announced to the trial court

that he would not testify *before* the trial court placed him under oath and questioned him

regarding his decision.  *Id.*; *see also* [8-4] at 18-19.

"When a state court declines to hear a prisoner's federal claims because the prisoner

failed to fulfill a state procedural requirement, federal habeas [relief] is generally barred if the

state procedural rule is independent and adequate to support the judgment."  *Sayre v. Anderson*,

238 F.3d 631, 634 (5th Cir. 2001)(citing *Coleman v. Thompson*, 501 U.S. 722 (1991)).  In

*Coleman*, the United States Supreme Court held that federal review of a claim is barred in all

cases in which a state prisoner has defaulted his federal claims in state court pursuant to an

independent and adequate state procedural rule.  *Coleman*, 501 U.S. at 722.  "A state procedural

rule that bars consideration of an issue is not adequate unless it is 'strictly or regularly

followed.'"  *Stokes v. Anderson*, 123 F.3d 858, 859 (5th Cir. 1997).  A "state fails to strictly or

regularly apply a procedural bar only when the state 'clearly and unequivocally excuse[s] the procedural default.'" *Id.* at 860 (quoting *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.), *cert. denied*, 516 U.S. 1005 (1995)).

Petitioner's burden at this juncture is high.  "The petitioner bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his direct appeal." *Id.*  Furthermore, "the petitioner must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.*

Avery has failed to cite any cases in which the Mississippi courts did not apply the procedural bar when an appellant failed to make a proffer of his testimony.  A review of Mississippi law on this issue shows that the Mississippi appellate courts have consistently applied this procedural bar for a number of years, including around the time of Avery's direct appeal. *See Wallace v. State*, 160 So. 3d 1184 (Miss. Ct. App. 2014); *McClellan*, 34 So. 3d at 553; *Lane v. State*, 841 So. 2d 1163 (Miss. Ct. App. 2003); *Williams v. State*, 684 So. 2d 1179 (Miss. 1996); *Settles v. State*, 584 So. 2d 1260 (Miss. 1991); *Heidelberg*, 584 So. 2d at 395. Procedural defaults will be recognized in this Court. *See Evans v. Thigpen*, 631 F.Supp. 274, 278-279 (S.D. Miss. 1986), *affirmed*, 809 F.2d 239 (5th Cir. 1987).  Considering these cases, the undersigned finds that the state has invoked an adequate and independent state law ground by asserting that this issue is procedurally barred, and, therefore, this procedural bar is entitled to federal deference under the precedent of *Wainwright v. Sykes*, 433 U.S. 72 (1977), and *Engle v. Isaac*, 456 U.S. 107 (1982).

Furthermore, Avery has shown neither cause (such as an external impediment) for this default, nor prejudice that would result in the court's dismissal of these claims on procedural

grounds. *United States v. Flores,* 981 F.2d 231 (5th Cir.1993).[1]  Neither has the petitioner argued that dismissal of these claims on procedural grounds would lead to a fundamental miscarriage of justice – an exception confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir.1999).  Accordingly, federal habeas review of this claim is barred.

### B.  Claims Eligible for Habeas Review

Avery's remaining grounds for relief are governed by the standards set forth in 28 U.S.C. § 2254(d).  As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254(d) provides:

> (d)      An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The phrase "contrary to. . .clearly established Federal law," under Section 2254(d)(1),

---

[1]  Avery has also failed to raise a claim of ineffective assistance of counsel for his counsel's choice not to make a formal proffer of his testimony.  Petitioner has never presented this claim to the state court, and no relief would now be available because the three-year limitations period for post-conviction relief set forth in Miss. Code Ann. § 99-39-5(2) has run.  Thus, Petitioner has technically exhausted his state court remedies on this claim, *see Sones v. Hargett*,  61 F.3d 410, 415 (5th Cir. 1995), and it would now be procedurally barred in state court.  A federal court may not review the merits of a procedurally-barred claim absent a showing either of cause for the default and actual prejudice or that failure to address the claim would result in a miscarriage of justice.  *Id.*  Petitioner has made no such showing.

means the state court either "applie[d] a rule that contradicts the governing law set forth in our cases" or in a case with facts "materially indistinguishable from a decision of this Court" arrived at a different conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).

In *Wiggins v. Smith*, 539 U.S. 510 (2003), the Supreme Court "made clear that the 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." 539 U.S. at 520 (quoting *Williams,* 529 U.S. at 413). Thus, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The Supreme Court has observed that "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). There is a "'highly deferential standard for evaluating state-court rulings' . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7).

In reviewing the state court's factual findings, including implied findings, this Court defers to the state court's factual determinations unless they were "'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000)(quoting 28 U.S.C. § 2254(d)(2)). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784. In the absence of a statement of reasons from the state court, "a [federal]

habeas court must determine what arguments or theories . . . could have supported the state

court's decision; and then it must ask whether it is possible fairminded jurists could disagree that

those arguments or theories are inconsistent with the holding in a prior decision of this Court."

*Id.* at 786.  According to the Supreme Court, this inquiry is the "'only question that matters

under § 2254(d)(1).'"  *Id.* (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so

long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

*Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Although petitioner may have presented the state court with what the federal court believes to be

a "strong case for relief[, it] does not mean the state court's contrary conclusion was

unreasonable."  *Id.*

As both the United States Supreme Court and the Fifth Circuit Court of Appeals have

recognized, a criminal defendant is not constitutionally entitled to a perfect trial, just a fair one.

*Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986); *Sawyer v. Butler*, 848 F.2d 582, 594 (5th

Cir. 1988).  Perceived improprieties do not warrant habeas corpus relief. *Turner v. Johnson*, 106

F.3d 1178, 1188 (5th Cir. 1997).

With these tenets in mind, the Court concludes that Avery is not entitled to habeas relief.

Avery has pointed to no controlling authority to which the decision in his case runs contrary.

Nor has Avery demonstrated that the decision in his case was unreasonable in light of the

evidence presented. The Court now turns to discuss Avery's grounds for relief in detail.

### 1.  Grounds related to declarations of a mistrial.

#### (a) Ground One: Did the trial court abuse its discretion in not declaring a

<u>mistrial after a prospective juror stated she knew about Avery's</u>

<u>felony fleeing charge because he ran her off the road?</u>

Avery argues that the trial court denied him due process when, during *voir dire* of prospective jury members, a member of the jury venire responded that she had information about the case because Petitioner had forced her off the road as he fled from police.[2]  In his direct appeal,[3] Avery argued that the trial court failed to take "curative action" after the prospective

---

[2]The exchange between the trial court and the member of the venire reads, as follows:

Court:   . . . . Is there any member of the jury panel here that has gotten any information that you recall about the incident surrounding that criminal charge other than what I've just told you about it just then?  Does anybody have any information about that?  And Juror Number 24, that is [Juror] Cole?

Answer by Juror Number 24: [Juror] Cole.

Court:   And I guess without getting into too much there, you were aware about the incident?

Answer by Juror Number 24: I was actually probably partly involved.  I was on my way home from work and was run off the road by him.

Court:   Oh, okay.  So there was at least – you've got some information about it. You feel like because of that information, it would be inappropriate for you to serve as a juror in this particular case?  You don't have to answer that.

Answer by Juror Number 24: Okay.

Court:   For purposes of this case, I will exclude [Juror] Cole.  Okay. [Juror] Cole, you don't need to respond to other questions.

[8-2] at 40.

[3]In Avery's petition, he does not set forth separate arguments supporting his grounds for relief.  Instead, he has attached to his Petition the briefs in his direct appeal and his motion for post-conviction relief.  In a response to Respondent's Answer, he also states that he relies on the arguments contained in the briefs filed in his state court proceedings.  Response, [9] at 1-2.

juror made her statement. [1] at 77.  However, at trial Avery's counsel did not voice any

objections during the verbal exchange between the prospective juror and the trial court, and he

failed to otherwise preserve the alleged error for appeal.  Despite this failure, the Mississippi

Court of Appeals reviewed the issue under the doctrine of plain error, finding that it could

"recognize obvious error which was not properly raised by the defendant on appeal, and which

affects a defendant's 'fundamental, substantive right,'" such as trial by an impartial jury. [7-1] at

3 (citations omitted).

Looking to the state standards governing declaration of mistrials, the state appeals court

found that a mistrial must be declared when the error in the proceedings results in "'substantial

and irreparable prejudice to the defendant's case . . . .'" *Id.* at 4 (citations omitted).  The

Mississippi Court of Appeals further considered that "[i]n the context of a venire member's

comments, 'a defendant fails to show the necessary prejudice where the defense counsel fails to

question jurors about an inappropriate comment, and the venire members have made general

declarations that they could set aside their prejudices and reach a decision based on the

evidence.'" *Id.* (citations omitted).

In this case, the Mississippi Court of Appeals found that Avery failed to show that Juror

Cole's comment prejudiced the jury.  *Id.*  The appeals court considered that the trial court

removed Juror Cole from the venire panel immediately after the prospective juror's comment.

*Id.*  The state reviewing court observed that the remaining prospective jury members "declared

that they would be able to reach a decision based solely on the evidence presented."  *Id.*

In the setting of habeas review, the state court's decision on this issue must be upheld

unless it "resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law."  28 U.S.C. § 2254(d)(1).  The standard by which a habeas court

reviews the issue of declaration of a mistrial by a state court has been addressed by a sister

district court, which found:

> [u]nder both State and federal law, the decision to grant or deny a motion for a
> mistrial is left to the discretion of the judge. *See United States v. Honer,* 225 F.3d
> 549, 555 (5th Cir. 2000); *Spann v. State,* 771 So. 2d 883, 889 (Miss. 2000). As
> such, the trial court's denial of Petitioner's request for a mistrial justifies federal
> habeas relief only if it was an "error . . . so extreme that it constitutes a denial of
> fundamental fairness under the Due Process Clause." *Bridge v. Lynaugh,* 838 F.2d
> 770, 772 (5th Cir. 1988).

*Osborne v. King*, 2014 WL 3735592 (N.D. Miss. July 28, 2014).

The standard by which the Mississippi Court of Appeals adjudged whether the trial court

had erred in not declaring a mistrial is neither contrary to nor an unreasonable application of

clearly established federal law. Put another way, the state requirement of a showing of

"substantial and irreparable prejudice" to warrant the declaration of a mistrial falls under the

ambit of the federal constitutional standard of "a denial of fundamental fairness under the Due

Process Clause" required to obtain federal habeas relief.  *Bridge,* 838 F.2d at 772.

In this case, the transcript shows that Petitioner's counsel did not specifically question

prospective jury members about the effect, if any, Juror Cole's comment had upon them.

However, the trial court immediately excluded Cole as a juror and instructed Cole not to respond

to additional questions.  [8-2] at 40.  The proceedings resumed promptly, without delay or undue

focus on the potential juror's remarks, and the trial court continued its general *voir dire* of

potential jury members.  *Id.*  Furthermore, the trial court went into great detail when questioning

jury members about their ability to be fair and their contact or history with prospective witnesses

and the parties.  *Id.* at 40-47. At the conclusion of trial, the trial court gave further general

instructions about the jurors' duty to be fair and to consider only the evidence presented at trial. [8-4] at 42-45.  Jurors are presumed to follow the court's instructions, and there is no apparent basis for finding that the jury did not do so here. *Tate v. Mississippi*, 2013 WL 6909920, at *6 (S.D. Miss. Dec. 31, 2013)(citing *Zafiro v. United States,* 506 U.S. 534, 540–41 (1993)).

    Because the trial court took these curative steps, the state appellate court found that Avery failed to show that he suffered prejudice. Considering the review employed by the state appellate court, the undersigned finds that the state standard of showing "substantial and irreparable prejudice" to achieve a mistrial is neither contrary to nor an unreasonable application of federal law.  Accordingly, Petitioner has failed to establish that the state's court's determination on this issue was a violation of federal constitutional law.

    Furthermore, the trial court's acceptance of the jury's declaration that they could be fair and impartial is a factual finding entitled to deference.  This finding cannot be disturbed unless the adjudication of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2). The United States Supreme Court has recognized that a trial judge's determinations regarding venire members' bias are essentially factual determinations entitled to deference on collateral review. *Patton v. Yount,* 467 U.S. 1025, 1031 n.6 (1984).  A trial judge's finding regarding the prospective jurors' state of mind "is based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province."  *Wainright v. Witt*, 469 U.S. 412, 428 (1985).  As discussed above, the trial judge thoroughly questioned the jurors about their ability to be fair and was satisfied with their responses. The Mississippi Court of Appeals found no prejudice resulted from the comment.  A review of the transcript provides no

-14-

basis to disturb the appellate court's conclusion on this issue, and, thus, this argument provides no basis for habeas relief.

### (b) Ground Four: Should the court have declared a mistrial or given an instruction to disregard certain questions posed by the prosecutor to law enforcement officers?

Avery argues that the trial court should have declared a mistrial or given an instruction to the jury to disregard the prosecutor's questions to law enforcement officers about their knowledge of him before his arrest. He asserts that the officers' in-court identifications of him constituted impermissible character evidence because the purpose of the identifications was to show that officers knew him from prior arrests. [1] at 130; 143-144.

The State asserts that the state appellate court's decision is not contrary to, nor unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.  The State argues, furthermore, that the decision was not based on an unreasonable determination of the facts in light of the evidence.

Several of the officers who participated in Avery's arrest testified at trial that they had known him prior to the arrest. [8-2] at 139; [8-3] at 33, 92.  Although there were no contemporaneous objections to these remarks, the Mississippi Court of Appeals considered this ground in Avery's direct appeal of his convictions. [7-1] at 4.  The appellate court found that because the officers did not testify as to how they knew Avery, but, instead, their testimony was offered to identify Avery, these remarks did not constitute inadmissible character evidence and, thus, there was no basis for a mistrial declaration.  *Id*.

Because this point raises a question of law, this Court's review is limited to determining

whether the state appellate court's finding that there was no basis for a mistrial involved an unreasonable application of clearly established Federal law as determined by the United States Supreme Court.  As this Court concluded above, the state requirement of a showing of irreparable prejudice for the declaration of a mistrial is encompassed in the federal constitutional standard of "a denial of fundamental fairness under the Due Process Clause." *Bridge,* 838 F.2d at 772.

With his bare, conclusory arguments asserting "impermissible character evidence," Avery has failed to establish that he suffered prejudice from the officers' in-court identifications of him.  As arresting officers, their testimony simply identified him as someone whom they had known prior to the arrest, and as the man whom they had arrested.  The Mississippi Court of Appeals emphasized that the officers did not testify as to "how" they knew him, and "[s]pecifically, the officers never testified to any additional crimes that Avery had committed, if any." [7-1] at 4.  Avery has failed to show how the officers' identifications of him were a "denial of fundamental fairness under the Due Process Clause."  Moreover, conclusory claims of habeas relief, presented without any analysis or argument, are insufficient to warrant federal habeas relief.  *See Tugle v. Epps*, 2013 WL 1891291, at *8 (N.D. Miss. May 6, 2013)(citing *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990)); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).  Accordingly, the Court finds that the decision of the Mississippi Court of Appeals on this issue was not an unreasonable application of clearly established Federal law as determined by the United States Supreme Court and, thus, this ground does not form the basis for habeas relief.

     2.  Ground Two: Is a new trial mandated because the prosecutor had prospective

jurors to commit to a guilty verdict based on a hypothetical set of facts?

Without supporting argument, Avery asserts that he deserves a new trial because the prosecutor had prospective jurors commit to a guilty verdict based on a hypothetical set of facts. [1] at 10.  In his direct appeal, the Mississippi Court of Appeals interpreted his argument to assert that the prosecutor violated Mississippi Uniform Circuit and County Court Rule 3.05 when he asked the potential jurors during *voir dire* to commit or pledge to return a particular verdict. [7-1] at 4-5.  Rule 3.05, in relevant part, states that "[n]o hypothetical questions requiring any juror to pledge a particular verdict will be asked."  The Mississippi Court of Appeals observed that Avery's counsel failed to object to the line of questioning.  *Id.* at 5.  Nevertheless, the appellate court reviewed the claim and determined that the prosecutor's questions were not a request for a verdict, but were, instead, intended to probe the prospective jury members about whether they would hold the state to a higher standard of proof than reasonable doubt and whether they held any biases that might influence their decision.  *Id.* at 6.

As this ground challenges a Mississippi appellate court's interpretation and application of Mississippi law, this Court cannot review the state court's decision. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981). Indeed, federal courts hold no supervisory power over state judicial proceedings, and federal habeas corpus relief is appropriate only when a conviction has been obtained in violation of some *constitutionally* protected right. *Smith v. Phillips,* 455 U.S. 209, 221 (1981). As the state court noted, it could not find that Avery was prejudiced by the prosecutor's remarks. Likewise, this Court finds that Avery has failed to establish prejudice. Because he did not suffer prejudice, federal constitutional rights were not implicated by this state court ruling interpreting state law.  The rights at issue here arise out of state law only; as such,

-17-

Petitioner's claim regarding those rights should be denied.

### 3.  Ground Three: Were Avery's Sixth Amendment

### and Mississippi constitutional rights violated?

Avery argues that the trial court violated his Sixth Amendment right and Mississippi constitutional right to confront the witnesses against him when it granted the state's motion *in limine* to exclude the testimony of David Scott, the General Counsel of the Mississippi Department of Corrections ("MDOC").  Avery argues that the MDOC General Counsel would have testified regarding the probationary status of a confidential informant and whether the confidential informant's participation in the undercover operation violated MDOC policy. Avery contends that the confidential informant was a probationer and did not have written approval from MDOC to serve as a confidential informant and participate in a drug buy sting. [1] at 83-84. The Mississippi Court of Appeals found that Avery failed to make a proffer of the proposed testimony by the MDOC General Counsel, therefore the appellate court could not review the matter. [7-1] at 7.  Ultimately, the court concluded that the issue was without merit. *Id.*

Because this point raises a question of law, this Court's review is limited to determining whether the state court's ruling involved an unreasonable application of clearly established Federal law.  The admissibility of evidence is a matter of state law.  *Edwards v. Butler*, 882 F.2d 160, 164 (5th Cir. 1989).  The Supreme Court has held that federal habeas corpus relief will not be granted for errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  "When a federal court reviews state court evidentiary rulings on a petition for habeas corpus, it will grant relief only if the state court error is sufficiently egregious to render the entire trial fundamentally

unfair." *Edwards*, 882 F.2d at 164.  In other words, federal habeas corpus relief is appropriate only when a conviction has been obtained in violation of federal law or a specific right protected by the United States Constitution.  28 U.S.C. § 2254(a); *Smith v. Phillips*, 455 U.S. 209 (1982). An erroneous state evidentiary ruling may be the basis for federal habeas corpus relief only if "the challenged evidence is a crucial, critical, or highly significant factor in the context of the entire trial." *Thomas v. Lynaugh*, 812 F.2d 225, 230 (5th Cir. 1987).

In the trial court, Avery argued that this proposed testimony would have diminished the credibility of the confidential informant and the law enforcement witnesses. *See* [8-2] at 29. Prior to trial, the trial judge ruled that the proposed testimony was irrelevant.  *Id.* at 28.  A review of the transcript shows that during trial, Petitioner's attorney presented a summary of the testimony, and the trial court again ruled that the proposed testimony regarding the confidential informant's probationary status was irrelevant.  *Id.* at 143-145.

The trial judge's decision disallowing this proposed testimony did not render the trial fundamentally unfair.   Avery's counsel was able to attack the credibility of the confidential informant and law enforcement witnesses during cross-examination.  Furthermore, there was other evidence of Petitioner's guilt, such as video and audio evidence of the drug transaction, as well as witness testimony regarding Petitioner's flight from police, that supports the jury's verdict.  Thus, in the context of the entire trial, this evidentiary ruling was not a crucial factor.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67-68.  Because this evidentiary ruling was not "a crucial, critical, or highly

-19-

significant factor in the context of the entire trial," the appellate court's conclusion that this issue

was without merit was not an unreasonable application of clearly established Federal law.

Accordingly, this ground does not provide the basis for habeas relief.

### 4. Ground Six: Did the prosecutor's remarks in closing argument constitute impermissible comment on Avery's failure to testify?

Petitioner argues the prosecutor's commentary about the video evidence during the

rebuttal of closing argument constituted impermissible comments about his failure to testify.  In

Avery's direct appeal, he argued that the prosecutor's remarks about the video evidence of the

drug transaction created unjust prejudice.  The remarks were, as follows:

> And you see that clearly on the video.  What's he selling? Where is there any
> evidence that it was, I don't know, chewing gum?  What could it be?  What do
> you get for something that's in the palm of your hand?  The rules say, law says do
> not speculate; base your verdict on the evidence.  Nobody came in here and said,
> Oh, he was selling him, I don't know, a pair of earrings, you know, a pair of little
> diamond earrings or something.  Did anybody say that?  No.  Well, [defense
> counsel] wants you to speculate that he was selling him some earrings.  The
> problem with that is that there has to be some evidence of it, and there is none.

[8-4] at 74.

The state appellate court recognized that a direct reference to a defendant's failure to

testify is strictly prohibited, but noted that the State is entitled to comment on the lack of a

defense. [7-1] at 8.  The state appellate court analyzed this language and found that the

comments merely pointed out that Avery's argument that the sale was not a drug transaction was

not supported by the evidence.  *Id.* at 9.  Concluding that there was no direct reference to

Avery's failure to testify and no implication from the remarks that a failure to testify indicated

guilt, the state appellate court found no merit to the issue.

Because this point raises a question of law, this Court's review is limited to determining

-20-

whether the state court's decision on this issue involved an unreasonable application of clearly established Federal law as established by the United States Supreme Court. In analyzing whether the remarks of prosecutors violate the Fifth Amendment, the Court must evaluate the comments in the context of the trial. *Walker v. Epps*, 2012 WL 1033467, *32 (S.D. Miss. Mar. 27, 2012)(Starrett, J.)(citing *United States v. Robinson*, 485 U.S. 25, 33 (1988)). "In *Robinson*, the Supreme Court retreated from the interpretation of *Griffin* [*v. California*, 380 U.S. 609 (1965)] . . . that *any* direct reference to the defendant's failure to testify violated the defendant's rights under the Fifth Amendment." *Walker*, 2012 WL 1033467, *32. Instead, the Fifth Circuit has arrived at a test the district court should use to analyze the prosecutor's remarks. When faced with this issue, this Court must ask two questions:

> (1) whether the prosecutor's manifest intent was to comment on the defendant's failure to testify; and
>
> (2) whether the jury would necessarily have construed the remark as such a comment.

*Id.* at *33 (citing *Cotton v. Cockrell*, 343 F.3d 746, 751 (5th Cir. 2003)). If the answer is "yes" to either question, the defendant's constitutional rights have been violated. *Id.* The court must keep in mind that "'[t]he prosecutor's intent is not manifest if there is some other, equally plausible explanation for the remark.'" *Cotton*, 343 F.3d at 751 (quoting *United States v. Grosz*, 76 F.3d 1318, 1326 (5th Cir. 1996)). Furthermore, as stated above, "challenged comments are evaluated in the context of the trial within which they are made." *Id.*

In this case, the answer to both questions is "no." Viewing the comments in the context of the closing argument, it appears that the prosecutor was commenting on the lack of evidence supporting Avery's theory of the case, not specifically on Avery's failure to testify. Immediately

thereafter, the prosecutor commented on video evidence and marked bills that linked Avery to the drug transaction. This reference to lack of testimony was, at most, a passing reference to the lack of an evidentiary foundation rebutting the State's proof of the drug transaction, not to Avery's decision not to testify.

Turning to the second question as to whether a jury would have construed the remark as a comment on Avery's decision not to testify, the answer again is "no." "As for whether a jury would naturally and necessarily construe a remark as a comment on the defendant's failure to testify, 'the question is not whether the jury possibly or even probably would view the challenged remark in this manner, but whether the jury *necessarily* would have done so.'" *Cotton*, 343 F.3d at 751 (quoting *Grosz*, 76 F.3d at 1326)(other citations omitted)(emphasis added). With the challenged comments, the prosecutor simply pointed out a lack of evidence supporting defense theories. He did not draw attention to or specifically say that Avery did not testify. Instead, this was "an isolated comment in a sea of evidence" incriminating Avery in the charged crimes. *Id.* at 752 (citations omitted). Accordingly, once again, viewing the comments in the context of the lengthy rebuttal, the court is left with the firm impression that the jury would not <u>necessarily</u> have viewed this as a comment on Avery's decision not to testify. Therefore, the decision of the Mississippi Court of Appeals was neither contrary to, nor an unreasonable application of federal law as established by the United States Supreme Court, and this ground does not provide the basis for habeas relief.

<u>5.  Ground Seven: Did the trial court err during the hearing on</u>

<u>Petitioner's judgment notwithstanding the verdict?</u>

Petitioner argues that the trial court erred when it did not follow Rule 615 of the

Mississippi Rules of Evidence during a post-trial hearing that was conducted by the trial court judge, out of the presence of the jury.  At the time of Avery's trial, Rule 615 stated, in relevant part, that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses. . . ." Avery also argues that the trial court judge erred by testifying regarding his version of the facts during the hearing.

In this case, Avery filed a supplemental motion for judgment notwithstanding the verdict based on alleged improper *ex parte* communication between the trial court judge and a juror's employer, and between the trial court judge and the same juror. [8-1] at 69-72.  Avery argued that the trial court judge improperly conversed with a juror's employer on the evening before jury deliberations and indicated that the jury would conclude deliberations by noon the following day.  Avery also asserted that the trial court judge also had improper *ex parte* communication with the same juror when, the next day, Avery's wife and his mother observed interaction between the trial court judge and the juror.  In the alleged conversation, the juror indicated she had received the judge's message through her employer that the jury should be finished with its deliberations by noon that day.  Avery argued that the impact of this communication was that it would not take long for the jurors to reach a verdict, and that, implicitly, the jury would reach a guilty verdict.  *Id.* at 70.

At the hearing on the motion notwithstanding the verdict, the trial judge gave a statement regarding his recollection of events. [8-4] at 111-114.  Thereafter, the trial judge denied Avery's request to sequester the witnesses.  *Id.*  Avery immediately called five witnesses to testify about the interactions between the trial judge, the juror's employer, and the juror.  *Id.* at 114-140. The five witnesses were the juror, the juror's employer, another juror, Avery's wife, and Avery's

-23-

mother.  After hearing the witnesses' testimony, the trial court judge found that the jury's unanimous verdict was supported by the evidence presented at trial, and that the communications between the trial court judge, the juror's employer, and the juror had no influence or effect on the jury's verdict. [8-5] at 2.

The Mississippi Court of Appeals addressed this issue and found that Avery was not prejudiced by the trial court's failure to sequester witnesses during the post-trial hearing. [7-1] at 10-12.  The Mississippi Supreme Court granted the writ of *certiorari* on this issue and held that the trial court had no discretion to decline to enforce the rule. [7-4] at 5.  However, the Mississippi Supreme Court concluded that Avery failed to present any evidence of prejudice and the "trial court's error in failing to sequester the witnesses was harmless beyond a reasonable doubt." *Id.* at 6. The  Mississippi Supreme Court noted the "overwhelming" evidence supporting Avery's conviction and pointed out that the technical violation of Rule 615 during a post-trial hearing could not have affected the jury's verdict, "nor could it have had any arguable effect on Avery's post-trial hearing based on the weight of the evidence against him." *Id.*

Federal habeas corpus relief is appropriate only when a conviction has been obtained in violation of federal law or a specific right protected by the United States Constitution.  28 U.S.C. § 2254(a); *Smith*, 455 U.S. at 209.  Moreover, in this proceeding, the Court's review is  limited to whether the Mississippi Supreme Court's conclusion on the issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).

Federal courts considering the issue of failure to sequester witnesses have required the moving party to make a showing of prejudice resulting from the failure of the trial judge to

sequester witnesses.  *United States v. Payan*, 992 F.2d 1387, 1394-1395 (5th Cir. 1993).   This is the same standard employed by the Mississippi Supreme Court in its review of this issue.  A review of the evidence shows that Avery failed to make a showing of prejudice resulting from the trial court's failure to sequester the witnesses at the post-trial hearing.  The evidence presented at trial, including audiovisual surveillance and witness testimony, supported the verdict. Accordingly, the Mississippi Supreme Court's decision on this issue was neither contrary to, nor an unreasonable application of, clearly established federal law.  Thus, this ground fails to form the basis of habeas relief.

6.  Ground Eight:  Did the trial judge err by not granting

a new trial based upon alleged juror misconduct?

Avery argues that the trial court should have granted a new trial based upon alleged juror misconduct in that there was improper influence and communication between the trial judge, a juror, and the juror's employer.  The Mississippi Court of Appeals concluded that Avery "failed to present sufficient evidence to overcome the presumption of jury impartiality," and that Avery failed to "establish by clear evidence that [the juror] and the circuit judge engaged in improper communication."  [7-1] at 12.  Thus, the Mississippi Court of Appeals found that Avery failed to show any prejudice resulting from the trial court's decision on this issue.  *Id.*  The Mississippi Supreme Court reviewed this ground in the context of the witness sequestration issue and concluded that "[t]elling a juror's employer and a juror that 'Court will be over by noon' was an innocuous statement with no arguable influence on Avery's case." [7-4] at 6.

This Court's review is limited to whether the Mississippi Supreme Court's conclusion on the issue "resulted in a decision that was contrary to, or involved an unreasonable application of,

-25-

clearly established Federal law."  28 U.S.C. § 2254(d)(1).  Moreover, factual findings must be upheld unless the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id.* at § 2254(d)(2).

In *Rushen v. Spain*, 464 U.S. 114 (1983), the United States Supreme Court evaluated the constitutionality of *ex parte* communications between a state trial judge and a juror in the context of a habeas petition.[4]  Although *Rushen* was decided before the enactment of the PLRA, its standards are still applicable.  The Supreme Court found that to overturn a conviction based on *ex parte* communications between a judge and juror, the defendant must establish prejudice resulting from such communications.  *Id.* at 119-120.  Reviewing the state court decision for harmless error, the Supreme Court concluded that the state trial court's post-trial hearings on the issue of *"ex parte* communications and their effect on juror impartiality are questions of historical fact entitled to" a presumption of correctness, to which the federal court should defer, and which could only be overcome by a showing of convincing evidence to the contrary.  *Id.*  Commenting on the judge's and juror's communication, the Supreme Court found that "[t]heir *ex parte* communication was innocuous.  They did not discuss any fact in controversy or any law

_____

[4] In that case, the juror had approached the trial judge with the information that she had remembered that she had been personally acquainted with a murder victim of the defendant in an unrelated case.  *Id.* at 116.  Upon learning of the communication after trial, the defendant filed a motion for a new trial.  *Id.*  The trial judge held a hearing and concluded that the *ex parte* communications "lacked any significance," and that defendant had not suffered any prejudice from them.  *Id.*  On direct appeal, the state courts upheld the conviction, finding that the communication was harmless beyond a reasonable doubt.  *Id.* at 117.  On habeas review, the District Court found constitutional error, and the Ninth Circuit Court of Appeals concluded that "an unrecorded *ex parte* communication between trial judge and juror can never be harmless error."  *Id.*  As described above, the Supreme Court reversed the Ninth Circuit and remanded the case to the District Court.  *Id.* at 121.

applicable to the case . . . . Thus, the state courts had convincing evidence that the jury's

deliberations, as a whole, were not biased by the undisclosed communication . . . ."  *Id.* at 121.

A review of the state court opinions demonstrates that the state courts followed the tenets

set forth in *Rushen,* and there is no basis to disturb the state courts' factual determinations.

Without citing *Rushen*, the Mississippi Supreme Court employed the language of the case when

it characterized the communication between the judge and juror as "innocuous."  Moreover, as in

*Rushen*, the judge and juror in Avery's case did not discuss any fact in controversy or law related

to the case.  Furthermore, there is a total lack of evidence showing that the communication

between the judge and the juror, and the judge and the juror's employer, had any bearing or

influence on the verdict.  Therefore, Avery failed to establish prejudice from these

communications.  Accordingly, because the Mississippi Supreme Court's decision was neither

contrary to, nor an unreasonable application of, Federal law, and its finding of fact did not result

in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceedings, these arguments fail to form the basis of

habeas relief.

### 7.  Was Avery denied effective assistance of counsel?

Avery advances three separate arguments regarding ineffective assistance of counsel.  An

ineffective assistance of counsel claim is analyzed under the two-prong test found in *Strickland*

*v. Washington*, 466 U.S. 668, 687 (1984).  The question for this Court is whether the state

court's application of the *Strickland* standard was unreasonable.  *Mitchell v. Epps*, 641 F.3d 134,

141 (5th Cir. 2011).  To meet the *Strickland* standard, first, petitioner "must show that counsel's

performance was deficient."  *Strickland,* 466 U.S. at 687.  If a petitioner can establish deficient

performance by his attorney, then he must also demonstrate the second prong of *Strickland*, "that [his attorney's] deficient performance prejudiced [his] defense." *Id.*

The standard of review of an attorney's performance is "highly deferential," considering only the facts and resources available to the petitioner's counsel at the time of trial. *Id.* at 689; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960 (1994). When considering an ineffective assistance of counsel claim, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. When applying *Strickland* and section 2254(d), review is "doubly deferential." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009); *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). As stated in *Mitchell v. Epps*, 641 F.3d 134 (5th Cir. 2011),

> For the district court, "[t]he pivotal question [was] whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*[,131 S. Ct. at 785.] "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 788. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 786.

*Mitchell,* 641 F.3d at 141(alternations, except citation alteration, in original)(citation omitted). With this high standard of deference in mind, the court turns to evaluate Avery's claims that his trial counsel was ineffective.

### (a) Ground Ten: Was Avery denied effective assistance of counsel when the trial court limited cross-examination of a witness under Mississippi Rule of Evidence 616?

Avery asserts that his counsel was ineffective when the trial court limited counsel's

cross-examination of witness/confidential informant Hughes.  Although he makes no argument supporting this ground in his petition, the Court reaches to Avery's memorandum brief in support of his motion for post-conviction relief, [1] at 174-178, for the substance of his arguments.  In that memorandum, Avery argues that the trial court did not allow him to fully challenge Hughes's credibility by examining the favorable treatment Hughes received on his probation status in exchange for his testimony at trial.  The trial court allowed Avery's counsel to question Hughes about prior convictions for impeachment purposes, but did not allow him to question the witness about a non-adjudicated offense.  [8-2] at 90.[5]  Additionally, Avery asserts that defense counsel erred when he failed to make arguments on this point during a motion *in limine* hearing. [1] at 176.

As to Avery's first point, he asserts that the trial court denied him effective assistance of counsel by limiting his counsel's cross-examination of Hughes and his questioning of drug task force agents, not that his counsel was ineffective due to lack of effort or expertise on counsel's part. He further argues that the trial court's ruling resulted in a denial of his Sixth Amendment right to confront witnesses against him.  In other words, Avery is challenging an evidentiary ruling by the trial court, not his counsel's performance.  "For our purposes here, the mere violation of evidentiary rules does not invoke habeas corpus relief. Federal habeas relief is granted only if the evidentiary rulings violate a specific constitutional right or render the trial fundamentally unfair."  *Whitehead v. Byrd*, 2011 WL 1099880, *7 (S.D. Miss. Jan. 25,

---

[5]During a trial court hearing on whether Avery's counsel would be allowed to impeach Hughes with the non-adjudication, the trial judge asked whether Avery contended that Hughes got the non-adjudication in exchange for his "working" with law enforcement for this case against Avery, and Avery's counsel responded, "[I]t's not [Avery's] position that this was even remotely related to the case." [8-2] at 90.

2011)(citing *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999)).  Avery has failed to show that his counsel's inability to cross-examine Hughes and Drug task force agents about the non-adjudicated charge against Hughes was so prejudicial that it rendered the trial fundamentally unfair within the meaning of the Fourteenth Amendment. Nor has he shown that the evidence against him was so insubstantial that, but for the inability to cross-examine Hughes and the drug task force agents about Hughes's non-adjudicated charge, Petitioner would not have been convicted of sale of cocaine and felony fleeing.  Thus, this challenge to an evidentiary ruling of the state trial court does not form the basis of habeas relief.

Avery's argument that his counsel was deficient when he failed to make arguments on this issue during a motion *in limine* hearing is belied by the record.  Avery's counsel specifically argued that the State's failure to tender to him more information about Hughes's criminal background would make him ineffective counsel at trial and would not allow him to adequately cross-examine and confront Hughes at trial, in violation of his Sixth Amendment rights. [8-2] at 22-23, 24-25.

The Mississippi Supreme Court examined Avery's arguments regarding ineffective assistance of counsel in his motion for post-conviction collateral relief and found that Avery failed to meet both prongs of *Strickland*. [7-5] at 1.  Having reviewed the transcript, and having reviewed Petitioner's arguments, the Court finds that the Mississippi Supreme Court's application of *Strickland* on this issue was reasonable.  According to the record, Petitioner's trial counsel made the very arguments that he now asserts were not made.  Moreover, a ruling by the trial court against Avery's counsel does not equate to ineffective assistance.  *See* Order, [8-1] at 47. Therefore, this ground does not form the basis of habeas relief.

(b)  Ground Eleven:  Was Petitioner denied his Sixth Amendment right to

effective assistance of counsel when his trial counsel failed to make a proper

proffer of the testimony of David Scott, MDOC General Counsel?

In his eleventh ground for relief, Avery argues that he was denied effective assistance of

counsel when his trial counsel failed to make a proffer of the testimony of David Scott, the

MDOC General Counsel.[6]  The trial court judge had previously granted the State's motion *in*

*limine* which excluded the testimony as irrelevant.  Nevertheless, during the trial, Avery's

counsel subpoenaed Scott as a witness, and he gave a summary of Scott's expected testimony in

an attempt to persuade the court to reverse its pre-trial ruling. [8-2] at 142.  Avery's counsel

stated that he intended Scott to testify on MDOC's policy regarding whether probationers, such

as the confidential informant Hughes, could act as confidential informants.  *Id.*  However,

Avery's counsel did not put Scott on the stand to make the proffer.  After hearing the summary

of Scott's testimony presented by Avery's counsel, the trial court did not change its ruling and

excluded Scott as a witness.  *Id.* at 145.

On appeal, the Mississippi Court of Appeals ultimately found that the issue was without

merit, although it stated that because Avery failed to make a proffer of the testimony, it could not

"determine whether Scott's testimony would have been relevant or whether the circuit court

erred in excluding the testimony." [7-1] at 7.  In its review of his motion for post-conviction

relief, the Mississippi Supreme Court found that counsel's failure to put Scott on the stand for a

proffer did not amount to ineffective assistance of counsel. [7-5] at 1.

---

[6]Avery's petition does not elaborate on the basis for relief, so the Court finds his
arguments in his motion for post-conviction relief, which is attached to the petition. [1] at 179-
181.

This Court's review of the issue is limited to whether the Mississippi Supreme Court's application of *Strickland* in this instance was reasonable.  The Mississippi Supreme Court found that Avery failed to meet both prongs of *Strickland*.  That is, it found that Avery failed to establish that his counsel's performance was deficient, and that counsel's deficient performance prejudiced his defense.  Because Avery has failed to show that he was prejudiced by the exclusion of what was arguably irrelevant testimony regarding his guilt or innocence, the undersigned finds that the Mississippi Supreme Court's application of *Strickland* was reasonable.  There was ample evidence supporting the jury's verdict, including an audiovisual recording of the drug transaction, and dashcam video of the high speed chase.  Furthermore, his counsel was able to use other lines of questioning to impeach the confidential informant's credibility, as well as the credibility of task force agents.  Avery's counsel elicited testimony from task force agents and the confidential informant about the confidential informant's criminal record, his admission to smoking crack, his arrest for methamphetamine possession, and the events that led him to act as a confidential informant.  Accordingly, the Mississippi Supreme Court's application of *Strickland* was reasonable, and this ground fails to form the basis of habeas relief.

(c)  Ground Twelve: Was Petitioner's Sixth Amendment right to effective assistance of counsel violated when counsel did not investigate petitioner's arrest made without a warrant and pursuant to a traffic stop that was without probable cause?

Avery argues that his arrest was made without a warrant, and the traffic stop was without probable cause. [1] at 181-185.  He reasons, therefore, that his counsel was ineffective when he did not investigate the fact that the arrest was made without a warrant, and, according to him,

without probable cause.  To buttress his argument, he quotes testimony from an officer who joined in the chase and who stated, on cross-examination by Avery's counsel, that he did not know the probable cause for the chase. [1] at 183.

This argument is without merit, and the Mississippi Supreme Court's application of the *Strickland* standard to these facts was reasonable.  The transcript demonstrates that Avery's counsel thoroughly cross-examined officers about the events leading to the initial traffic stop and the subsequent warrantless arrest.  "Probable cause for a warrantless arrest exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."  *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995).  "Under Mississippi law, an officer may arrest any person without a warrant, for an indictable offense committed, or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable grounds to suspect and believe the person proposed to be arrested to have committed the felony."  *Pittman v. Cooksey*, 2010 WL 445511, * 5 (S.D. Miss. Feb. 1, 2010)(citing Miss. Code Ann. § 99-3-7(1)).

Because police officers had just listened to what they perceived to be a drug transaction, it was reasonable for the Mississippi Supreme Court to conclude that probable cause existed to perform a traffic stop.  Moreover, once the chase ensued, officers became eye witnesses to multiple violations of traffic and other laws, thus, it was reasonable for the Mississippi Supreme Court to conclude that probable cause for a warrantless arrest existed.  It follows, therefore, that the Mississippi Supreme Court reasonably applied *Strickland* when it concluded that this ground was without merit.  "Failure to raise meritless objections is not ineffective lawyering.  It is the

very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Accordingly, this ground

does not form the basis of habeas relief.

        8.  Ground Nine: Did the cumulative effect of errors deny Avery a fair trial?

        Finally, Petitioner argues that the cumulative effect of the errors denied him a fair trial.

Regarding cumulative effect arguments in habeas cases, this Court has stated:

> federal habeas corpus relief may only be granted for cumulative errors in the
> conduct of a state trial if: (1) the individual errors involved matters of
> constitutional dimension rather than mere violations of state law; (2) the errors
> were not procedurally defaulted for habeas purposes; and (3) the errors "so
> infected the entire trial that the resulting conviction violates due process." When
> individual errors are not of a constitutional nature, like in this case, there can be
> no cumulative error under federal law.

*Whitehead v. Byrd*, 2011 WL 1099880, at *8 (S.D. Miss. Jan. 25, 2011)(internal citations

omitted). Likewise, in this case, Avery has failed to show that his alleged errors involved

matters of constitutional dimension, that some of his grounds were not procedurally defaulted,

and that the perceived errors "so infected" his trial that the "resulting conviction violates due

process." Accordingly, this argument does not create the basis for habeas relief.

                            III. CONCLUSION

        Accordingly, for the reasons stated above, Avery's petition for habeas corpus relief

should be denied, and this case should be dismissed with prejudice.

        The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendation contained within this report and recommendation

within fourteen (14) days after being served with a copy shall bar that party, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court. 28 U.S.C. §636, *Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 17th day of January, 2017.

_____/s/  F. Keith Ball_____
UNITED STATES MAGISTRATE JUDGE