UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM AVERY                                                                                                PETITIONER

V.                                                                             CIVIL ACTION NO. 3:14CV110 DPJ-FKB

WARDEN HUBERT DAVIS                                                                                      RESPONDENT

ORDER

William Avery filed this petition for habeas corpus relief following his state-court convictions for the sale of cocaine and felony fleeing. Officers arrested Avery after a confidential information purchased crack cocaine from him, and in the course of the arrest, Avery fled in his vehicle, resulting in a police pursuit. In his petition, he asserts twelve grounds for relief, all of which were thoroughly addressed in Magistrate Judge F. Keith Ball's Report and Recommendation [36] denying habeas relief. Avery filed an Objection [39] addressing seven of those grounds. Because the Court finds that the Report and Recommendation [36] properly denied habeas relief, it is adopted in its entirety, and there is no need to rehash Judge Ball's analysis. That said, the Court will elaborate on three points raised in Avery's Objection.

Avery first challenges Judge Ball's finding as to ground three—the state court's exclusion of testimony by MDOC's General Counsel David Scott, regarding the confidential informant's lack of approval from MDOC to participate in a drug buy sting. Avery argues that Judge Ball erred by failing to apply the standard articulated in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), as he did in a Report and Recommendation issued in another case, *Abernathy v. Palmer*, No. 3:11cv53 DPJ-FKB, R&R [12] at 10 n.4. There, Judge Ball stated, "Habeas relief is available based on the wrongful exclusion of evidence only if the exclusion 'had a substantial and injurious effect or influence in determining the jury's verdict.'" *Abernathy*, No. 3:11cv53

DPJ-FKB, R&R [12] at 10 n.4 (quoting *Brecht*, 507 U.S. at 637).  Here, Judge Ball correctly observed that "[f]ederal habeas corpus relief may be granted on erroneous state evidentiary rulings only if 'the challenged evidence is a crucial, critical, or highly significant factor in the context of the entire trial.'"  R&R [36] at 19 (quoting *Thomas v. Lynaugh*, 812 F.2d 225, 230 (5th Cir. 1987)).

Judge Ball applied the correct test.  "Errors of state law, including evidentiary errors, are not cognizable in habeas corpus."  *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir. 1992).  But such errors can create due-process violations if sufficiently prejudicial under the *Thomas* test Judge Ball applied.  *See Thomas*, 812 F.2d at 230.  In contrast, *Brecht* announced the harmless-error test that applies when a state trial court violates a specific constitutional right.  507 U.S. at 625 (considering whether prejudice occurred when trial court violated defendant's due-process rights by admitting evidence regarding defendant's post-*Miranda* silence).  When an evidentiary error is insufficiently prejudicial to violate due process under the *Thomas* test, the habeas court need not consider prejudice under the *Brecht* test.  *See Bagley v. Collins*, 1 F.3d 378, 380 n.3 (5th Cir. 1993) ("Because Bagley must show the harmfulness of the trial court's evidentiary ruling to establish a constitutional violation, we need not apply the harmless-error standard recently announced in *Brecht*").

As for the due-process issue related to that evidentiary ruling, Avery's counsel attacked the informant's credibility and law enforcement witnesses, even without Scott's testimony.  Moreover, other evidence of Avery's guilt—including video and audio evidence of the buy and testimony regarding Avery's flight—support the verdict.  So like Judge Ball, the Court concludes as to ground three that the state court's holding was not an unreasonable application of clearly established federal law.

Avery also disputes Judge Ball's rejection of ground ten—that his counsel (Mr. Denson) rendered ineffective assistance when the State moved in limine to exclude evidence regarding the confidential informant's (Mr. Hughes) criminal history.  Though Judge Ball correctly analyzed this issue, the trial transcript helps explain why.  The following exchange took place:

> BY MR. DENSON:    Your Honor, our position as related to the motion in limine, we believe that Mr. Hughes did plead guilty in Kemper County.  As a result of that guilty plea, there was an order.  We understand he wasn't sentenced other than probation and deferred adjudication, but we believe that still should be able to come in, the fact that a plea was done for possession of methamphetamine---or precursor to methamphetamine and--- . . . .  To impeach Mr. Hughes.
>
> BY THE COURT: ---as I understand it, he entered a plea of guilty.  There was an agreement to withhold adjudication of guilt in that case and proceed under 99-15-26 with probation.  Now, is it your position that to get that deal, that that was some way connected with his working off for this case?
>
> BY MR. DENSON:  Your Honor, it's not my position that this was even remotely related to the case.
>
> BY THE COURT:  Okay.  Then if that---unless it is, the motion is limine is going to be granted.  I don't think that you should---unless it's related to this case, there is---that that is fair grounds for cross-examination.  He was never adjudicated guilty in that matter, and the motion in limine will be granted.  He's got other matters that he was---where he was arrested and he's working off, and certainly you can ask him about those cases or prior convictions if---of felony matters within the statutory---or within the rules but not a nonadjudication like the one in Kemper County.

SCR, Vol. 2 [8-2] at 89--90.

Avery claims that his counsel's failure to raise the "probation status" of the informant constituted ineffective assistance.  Obj. [39] at 24.  But the record reflects that his counsel did raise the issue and advanced the position that Avery should be able to question the informant about this non-adjudicated drug offense.  The fact that the state court ruled against Avery on this issue does not amount to ineffective assistance.  Ground ten does not present an avenue for habeas relief.

Finally, in ground twelve, Avery reasserts that the traffic stop was without probable cause and his arrest was without a warrant.  This too is not well-taken.  Essentially, Avery argues that his arrest was based on the word of an unreliable confidential informant, so his counsel rendered ineffective assistance in failing to investigate the supposed lack of probable cause.  But the testimony Avery quotes in his Objection shows that his counsel thoroughly cross-examined officers about the facts leading up to Avery's arrest and their basis for the stop.  And while one officer did testify that he relied on the confidential source, that officer's subjective beliefs are irrelevant because probable cause is based on an objective standard.  *U.S. v. Clark*, 559 F.2d 420, 425 (5th Cir. 1977) ("[E]ven if officers felt that probable cause was lacking, an objective standard would still be applicable.").  In this case, the totality of the circumstances provided probable cause.  The officers saw what they perceived to be a drug transaction with a confidential informant, Avery's flight from the scene, and multiple traffic violations during the subsequent police chase.  Regardless, counsel aggressively pursued this issue on cross-examination.  The ineffective-assistance-of-counsel claim was properly rejected.

Based on the foregoing, the Court finds the Report and Recommendation should be adopted as the opinion of the Court.  Avery's petition for writ of habeas corpus is dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 20th day of March, 2017.

    s/ *Daniel P. Jordan III*
    UNITED STATES DISTRICT JUDGE